IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES D. WEBB,

    Petitioner,

v.                                                   CASE NO. 1:10-cv-88-MP-GRJ

SECRETARY, DEPT. OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging an Alachua County conviction and sentence for possession of a firearm by a convicted felon, attempted burglary of a dwelling, dealing in stolen property, and pawnbroker transaction fraud, for which he is serving a 10-year sentence.  (Doc. 1.)  Now pending before the Court is Respondent's motion to dismiss the Petition as time-barred.  (Doc. 28.)   Petitioner has not filed a response to the motion and did not respond to this Court's order to show cause on or before February 13, 2012 explaining why the petition should not be dismissed as untimely.  (Doc. 30.)  Upon due consideration, the Court recommends that the motion be granted.[1]

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions.  The one-year limitations period begins to run, *inter alia*, from "the date on

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Petitioner was sentenced on July 5, 2005 to 10 years in prison. (Doc. 28, Exhs. A, B.) (hereafter "Resp. Exh.").  Petitioner did not take a direct appeal from this judgment and sentence.  On February 1, 2007. Petitioner filed a *pro se* motion in the trial court requesting an enlargement of time to file a motion for postconviction relief. (Resp. Exh. K.)  The motion was granted, and Petitioner filed a timely Rule 3.850 motion for postconviction relief on August 27, 2007.  (Resp. Exh. A.)  The 3.850 motion was denied.  (Resp. Exh. A.)  Petitioner appealed, and the First District Court of Appeal affirmed *per curiam* on October 1, 2009.  Mandate issued on October 1, 2009.  (Resp. Exhs. D-J.)  Petitioner filed the instant petition for federal habeas relief on or about May 10, 2011.  (Doc. 1.)

Petitioner's conviction and sentence became final for AEDPA purposes on August 4, 2005, when the time expired for filing a notice of appeal.  The 365-day statute of limitations period expired on August 3, 2006.  Petitioner did not initiate any postconviction proceedings until his February 2, 2007 motion for enlargement of time.  The limitations period expired without any action by Petitioner that would have tolled it.  The instant petition is time-barred and Petitioner has failed to demonstrate entitlement to equitable tolling.

For the foregoing reasons it is respectfully **RECOMMENDED** that the motion to

dismiss the petition as time-barred, Doc. 28, be **GRANTED,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** this 22nd day of February 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.